James W. Johnston, State Bar No. 125287
ATTORNEY AT LAW
3877 Twelfth Street
Riverside, California 92501
(213) 291-0648 –Telephone
(877) 571-0091 – Facsimile

Attorney for Plaintiff

**No Filing Fee Required**
**Pursuant to 38 U.S.C. §4323(h)(1)**

ORIGINAL FILED
'08 SEP -5 PM 3:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

BY FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORDAN MARASSO

   Plaintiff,

vs.

ASPLUNDH TREE EXPERT COMPANY, and Does 1 through 5, inclusive

   Defendants

Case No: '08 CV 1636 LAB POR

**COMPLAINT FOR DISCRIMINATION UNDER 38 U.S.C. §4301, ET SEQ.; DISCRIMINATION UNDER CALIFORNIA MILITARY AND VETERANS CODE §394; TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY; PUNITIVE DAMAGES**

**DEMAND FOR JURY TRIAL**

## JURISDICTION, VENUE AND THE PARTIES

1. Count I of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4333. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Jurisdiction as to the remaining Counts is conferred by 28 U.S.C. §1367(a). Venue is proper because the defendant former employer maintains a place of business in this district, as provided in 38 U.S.C §4323(c)(2).

1

2. Defendants Doe 1 through Doe 5, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

3. Plaintiff Jordan Marasso, at all pertinent times alleged herein, was a citizen and resident of Oceanside, California.

4. Plaintiff is informed and believes, and alleges on the basis of that information and belief, that defendant Asplundh Tree Expert Company, (hereinafter "Asplundh") is a corporation that maintains a place of business in El Cajon, California.

5. Plaintiff further alleges that the work duties he performed under the employment contract that gave rise to the allegations set forth herein were substantially performed in El Cajon, California.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants, and each of them, were the agents, servants and employees each of the other, acting within the course and scope of said agency and employment.

## GENERAL FACTUAL ALLEGATIONS

7. On or about July 28, 2005, plaintiff joined the California Army National Guard.

8. In or around February of 2006, plaintiff began working for an arborist company called Provco as a vegetative technician.

9. In June of 2007, plaintiff's National Guard unit was activated, and he was deployed to Iraq.

10. In or around January of 2008, while plaintiff was still deployed in Iraq, he was notified

by his family that a letter dated August 31, 2008, had been sent to his home from Provco. The letter informed him that he had been terminated as of August 31, 2007, and further noted that the company had been sold. Plaintiff later learned that Provco had been purchased by Asplundh, and that facility where plaintiff had been working had begun operating as an Asplundh facility on September 1, 2008, i.e. one day after his termination date.

11. Plaintiff is informed and believes and thereon alleges that prior to Asplundh's official take over of Provco on September 1, 2007, there were discussions between the two companies as to which employees would be kept on after the transition, and that as a result of those discussions Asplundh, individually or together with Provco, decided that plaintiff would be terminated.

12. Plaintiff further is informed and believes, and thereon alleges that with the sole exception of two other employees who had been deemed ineligible for rehire by Asplundh because of negative previous employment histories with that company, plaintiff was the only Provco employee who was not kept on after Asplundh took over.

13. When word of his termination finally reached plaintiff in Iraq, he made a phone call in January 2008 from that country to the facility where he had worked while employed by Provco, and discussed his termination with Asplundh management employee Mike Powell.

14. At multiple times during this conversation, Mike Powell explained to plaintiff that the decision had been made not to keep him on after the Asplundh takeover, and that his employment had been terminated.

15. Plaintiff further alleges that defendant Asplundh was a successor employer to Provco as defined by 39 U.S.C. §4303 and 20 Code of Federal Regulations §1002.35, inasmuch as there was a substantial continuity in operations, facilities, and workforce after Asplundh took over the Provco facility where plaintiff was employed. Therefore, to the extent that Provco was responsible for the decision to terminate plaintiff's employment, Asplundh is liable under the successor liability provision of USERRA.

16. Plaintiff also alleges that Asplundh was a successor employer for purposes of plaintiff's state law claims based on the fact that there was a substantial continuity of the

business operations, including, but not limited to the use of substantially the same employees, the same location, the same supervisory personnel, and same equipment. After the takeover, the facility where plaintiff had been employed continued to perform the same work and provide the same services as it did when it was known as "Provco" and, other than the name change, the facility operated in the substantially the same manner as it had prior to the takeover. Consequently, under the principle of successor liability, Asplundh is liable for any of Provco's conduct as it relates to plaintiff and the claims he has brought in this action.

17. Plaintiff alleges that, at all times relevant herein, he was a good employee who performed his work duties in a conscientious and professional manner. Accordingly, it is alleged that defendants had no good cause or justification to terminate his employment.

## COUNT 1

(Discrimination under 38 U.S.C. §4301 et seq.)

18. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 17 of this complaint, as though fully set forth herein.

19. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. §§4301-4333) prohibits discrimination in employment against individuals who have been called to duty in the uninformed services.

20. Plaintiff is informed and believes, and thereon alleges that he was singled out for termination, and that defendants' motive in terminating his employment was his participation in active duty in the California Army National Guard which constitutes a violation of USERRA.

21. As a direct and proximate result of the conduct of defendants as set forth in this count, plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount that has yet to be ascertained, according to proof.

22. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

23. Pursuant to 38 U.S.C. §4323(h)(2), plaintiff further requests an award of reasonable

attorney's fees, expert witness fees, and other litigation expenses.

## COUNT II

(Discrimination under California Military and Veterans Code §394)

24. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 17 of this complaint as well as Count I as if set forth fully herein.

25. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

26. California Military & Veterans Code §394 provides that no person shall discriminate against any enlisted member of the military or naval forces of the United States because of that membership. Section 394 also provides that no employer or person shall discharge any person from employment because of the performance of any ordered military duty, or prejudice or harm him in any manner in his employment, position, or status by reason of performance of military service or duty.

27. Defendants' conduct, as alleged herein above, constitutes a violation of §394.

28. As a direct and proximate result of the conduct of defendants as set forth in this count, plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount that has yet to be ascertained, according to proof.

29. As a further direct result of the conduct of defendants as set forth in this count, plaintiff suffered emotional distress including but not limited to, depression, frustration, anger, loss of self worth, and humiliation, all to his damage in an amount that has yet to be ascertained, according to proof.

30. Defendant's acts as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring plaintiff, and/or with a willful and conscious disregard of plaintiff's right to be free of workplace discrimination. Because these acts were carried out by officers, directors and/or managing agents of defendants in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages under California Civil Code

§3294.

31. Pursuant to California Military and Veterans Code §394(g), plaintiff requests an award of attorney fees against defendants, and each of them.

## COUNT III

(Tortious Discharge in Violation of Public Policy)

32. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 17 of this complaint as well as Counts I and II as if set forth fully herein.

33. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

34. Both the California Military and Veterans Code §394, which makes violations thereof a misdemeanor, and USERRA, 38 U.S.C. §§4301 et seq., express the public policy of prohibiting discriminating against members of the uniformed services because of such status and/or participation in military service, by taking adverse employment actions against such persons.

35. As set forth in the complaint herein, defendants violated both of these code sections.

36. As a direct and proximate result of the conduct of defendants as set forth in this count, plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount that has yet to be ascertained, according to proof.

37. As a further direct result of the conduct of defendants as set forth in this count, plaintiff suffered emotional distress including but not limited to, depression, frustration, anger, loss of self worth, and humiliation, all to his damage in an amount that has yet to be ascertained, according to proof.

38. Defendants' acts as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring plaintiff, and/or with a willful and conscious disregard of plaintiff's right to be free of workplace discrimination. Because these acts were carried out by officers, directors and/or managing agents of defendants in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages under California Civil Code

§3294.

**WHEREFORE**, based on the foregoing, plaintiff prays for relief against defendants, and each of them, as follows:

### AS TO COUNT I

1. For special damages including lost wages, lost employee benefits, bonuses, vacation benefits in an amount that has yet to be ascertained, according to proof;
2. For liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C);
3. For fees and expenses, including attorney fees pursuant to 38 U.S.C. §4323(h)(2);

### AS TO COUNT II

4. For special damages including lost wages, lost employee benefits, bonuses, vacation benefits in an amount that has yet to be ascertained, according to proof;
5. For general damages in an amount that has yet to be ascertained, according to proof;
6. For punitive damages;
7. For attorney fees pursuant to California Military and Veterans Code §394(g);

### AS TO COUNT III

8. For special damages including lost wages, lost employee benefits, bonuses, vacation benefits in an amount that has yet to be ascertained, according to proof;
9. For general damages in an amount that has yet to be ascertained, according to proof;
10. For punitive damages;

### AS TO ALL CAUSES OF ACTION

11. For costs of suit incurred;
12. For prejudgment interest;
13. For such other and further relief as this court may deem just and proper.

Dated: September 2, 2008

JAMES W. JOHNSTON
Attorney for Plaintiff,
JORDAN MARASSO

Plaintiff hereby demands a jury trial on all issues.

Dated: September 2, 2008

_____
JAMES W. JOHNSTON
Attorney for Plaintiff,
JORDAN MARASSO



Search Law School    Search Cornell

LII / Legal Information Institute

# U.S. Code collection

TITLE 38 > PART III > CHAPTER 43 > SUBCHAPTER III > § 4323

## § 4323. Enforcement of rights with respect to a State or private employer

**(a) Action for Relief.—**

**(1)** A person who receives from the Secretary a notification pursuant to section 4322 (e) of this title of an unsuccessful effort to resolve a complaint relating to a State (as an employer) or a private employer may request that the Secretary refer the complaint to the Attorney General. If the Attorney General is reasonably satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefits sought, the Attorney General may appear on behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for relief under this chapter for such person. In the case of such an action against a State (as an employer), the action shall be brought in the name of the United States as the plaintiff in the action.

**(2)** A person may commence an action for relief with respect to a complaint against a State (as an employer) or a private employer if the person—

**(A)** has chosen not to apply to the Secretary for assistance under section 4322 (a) of this title;

**(B)** has chosen not to request that the Secretary refer the complaint to the Attorney General under paragraph (1); or

**(C)** has been refused representation by the Attorney General with respect to the complaint under such paragraph.

**(b) Jurisdiction.—**

**(1)** In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.

**(2)** In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.

**(3)** In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

**(c) Venue.—**

**(1)** In the case of an action by the United States against a State (as an employer), the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function.

(2) In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business.

**(d) Remedies.—**

(1) In any action under this section, the court may award relief as follows:

(A) The court may require the employer to comply with the provisions of this chapter.

(B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.

(C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

(2)

(A) Any compensation awarded under subparagraph (B) or (C) of paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter.

(B) In the case of an action commenced in the name of the United States for which the relief includes compensation awarded under subparagraph (B) or (C) of paragraph (1), such compensation shall be held in a special deposit account and shall be paid, on order of the Attorney General, directly to the person. If the compensation is not paid to the person because of inability to do so within a period of 3 years, the compensation shall be covered into the Treasury of the United States as miscellaneous receipts.

(3) A State shall be subject to the same remedies, including prejudgment interest, as may be imposed upon any private employer under this section.

**(e) Equity Powers.—** The court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

**(f) Standing.—** An action under this chapter may be initiated only by a person claiming rights or benefits under this chapter under subsection (a) or by the United States under subsection (a)(1).

**(g) Respondent.—** In any action under this chapter, only an employer or a potential employer, as the case may be, shall be a necessary party respondent.

**(h) Fees, Court Costs.—**

(1) No fees or court costs may be charged or taxed against any person claiming rights under this chapter.

(2) In any action or proceeding to enforce a provision of this chapter by a person under subsection (a)(2) who obtained private counsel for such action or proceeding, the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses.

**(i) Inapplicability of State Statute of Limitations.—** No State statute of limitations shall apply to any proceeding under this chapter.

**(j) Definition.—** In this section, the term "private employer" includes a political subdivision of a State.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

Case 3:08-cv-01636-LAB-POR   Document 1   Filed 09/05/2008   Page 11 of 12
US CODE: Title 38,4323. Enforcement of rights with respect to a State or private employer   Page 3 of 3

http://www4.law.cornell.edu/uscode/html/uscode38/usc_sec_38_00004323----000-.html   8/27/2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JORDAN MARASSO

**DEFENDANTS**
ASPLUNDH TREE EXPERT COMPANY

08 SEP -5 PM 3:47
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James W. Johnston, 3877 Twelfth Street, Riverside, CA 92501
(213) 291-0648

Attorneys (If Known)
**'08 CV 1636 LAB POR**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
38 U.S.C. §§4301-4333
Brief description of cause:
Employment Discrimination/termination based on military status.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 09/02/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



12013463.tif - 9/3/2008 10:49:07 AM